JOHN M. ATHEY, Appellee, v. D. A. SLIFE, Appellant.

Change of place of trial: COSTS: ATTORNEY'S FEES. The allowance
of traveling expenses and attorney's fees in moving for a
change in the place of trial, where a suit is brought in the
wrong county, is largely discretionary; and where there is no
reason to apprehend the resistance of a motion for the change
the court may refuse to allow such expense, except that reason-
able compensation to the attorney for preparing and filing the
motion should be ordered.

*Appeal from Benton District Court.*— HON. G. W. BURN-
HAM, Judge.

TUESDAY, FEBRUARY 11, 1908.

THE opinion states the case.   The appeal is by defendant.— *Modified* and *affirmed.*

*Kelleher & O'Connor,* for appellant.

*Charles I. Vail* and *Nichols & Nichols,* for appellee.

BISHOP, J.— In June, 1905, plaintiff filed his petition in this action, declaring on a money demand, in the district court of Benton county.   A writ of attachment was prayed for and issued to the sheriff of that county, and thereunder a levy was made by garnishment.   An original notice in the action was not served until December, 1905, when service thereof was made in Pocahontas county, and such notice required the defendant to appear at the January term, 1906, of the Benton county court.   At said term, defendant appeared, and, proceeding under the statute, filed motion for a change in the place of trial to Pocahontas county, the county of his residence.   Coupled with the motion was a demand that defendant be allowed his costs and expenses including attorney fees.   As related to the requested change in place of trial, the motion was not resisted, and an order therefor was made.   As related to the demand for costs and expenses, it was ordered that the court costs to date be taxed to plaintiff, and that no allowance as for expense and attorney fees be made.   Following the docketing of the action in the Pocahontas county court, the plaintiff appeared in that court and dismissed his action, and an entry was made accordingly. The appeal is from the order entered by the Benton district court denying the demand of defendant for his expenses and attorney's fees for attending at Benton county, that being a county other than the county of his residence.

It is the statute that a personal action — as was this — must be brought in the county of the defendant's residence. Code, section 3501.   And, if brought in a wrong county, the defendant by timely appearance may demand a change to

the proper county, " in which case the court shall order the same at the cost of the plaintiff, and may award the defendant a reasonable compensation for his trouble and expense in attending at the wrong county." Code, section 3504. The motion of defendant was supported by his own affidavit as to his place of residence, and the amount of expense he had incurred in attending court, the time lost, etc.; also an affidavit of Mr. Kelleher, his attorney, as to his expenses of travel from Ft. Dodge to Vinton, the value of his services, etc. For plaintiff there was filed the affidavit of Mr. Nichols, his attorney, to the effect that on the day following the filing of the petition in the action he went from Vinton to the home of defendant in Pocahontas county and had an interview with him; that he advised defendant of the filing of the petition and the attachment; that the subject of where the case should be tried was talked about, and that he told defendant it was his (defendant's) right to have the case transferred to Pocahontas county if he desired, and that if the matter in controversy could not be disposed of without trial a change would be conceded and consented to; that an agreement for arbitration was drawn up and signed, which defendant thereafter failed to carry out by refusing to select an arbitrator, making service of an original notice upon him necessary. The affidavit concludes with the contention that the expense occasioned by the traveling of defendant and his attorney to Vinton should not be allowed because wholly unnecessary, as they well knew. A copy of the agreement for arbitration is attached to the affidavit, and therein, among other things, the residence of defendant in Pocahontas county is recognized by a statement to that effect. A further affidavit of defendant was filed, in which he denies that he was advised by Nichols that a petition had been filed, and denies that there was any talk between them on the subject of a change in the place of trial.

Under the statute, the matter of making an allowance as for traveling expenses and attorney fees was committed to

the sound discretion of the court. The court "may award the defendant a reasonable compensation," etc. We cannot say that there was any abuse of discretion in refusing to allow the traveling expenses of defendant from Fonda, and of his attorney from Ft. Dodge, and in refusing to allow *per diem* compensation to each; that being the basis of the demand. Defendant knew, as matter of law, that his right to a change depended only on his filing a request accompanied by an affidavit of residence. Enough appears in the record to make it clear that he had no reason to believe that an application filed by him for the purpose would be resisted. There were mail and express facilities, more or less direct, between Fonda and Vinton, and the court may well have concluded that under the circumstances the personal trip of client and attorney in advance of any suggestion that resistance would be made to a change was not in reason called for. But while this is so, we think that, fairly enough, the attorney for defendant was entitled to compensation for preparing and filing the application for change and the affidavit supporting the same; and allowance therefor should have been made. To such extent the order appealed from must be modified. Accordingly, it is ordered that the case be remanded to the Benton district court with instructions to proceed to an allowance for the services of defendant's attorney, as hereinabove indicated to be proper, evidence as to value to be submitted at such time and in such form as the court may by order direct.— *Modified* and *affirmed.*